# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:06-CR-115 JCM (LRL) |
|---|---|
| Plaintiff, | |
| v. | Date: N/A |
| | Time: N/A |
| GLENN JAMES HOLTZCLAW, | |
| Defendant. | |

### ORDER

Presently before the court is Magistrate Judge Leavitt's report and recommendation (#67) recommending that defendant's motion to suppress (#33) be denied. On May 23, 2007, defendant filed objections to the report and recommendation (#68). On May 30, 2007, the government filed a response (#70). On June 5, 2007, defendant filed a reply (#74).

A party may file written objections to a magistrate judge's proposed findings and recommendations within ten days of being served with a copy. 28 U.S.C. § 636(b)(1). Defendant's objections were due on May 7, 2007; however, he did not file them until May 23, 2007. Consequently, defendant's objections are time barred. Even if one overlooks this deficiency, defendant's motion to suppress fails on the merits.

On December 5, 2006, defendant filed a motion to suppress (#33) seeking to suppress evidence obtained from the search of his vehicle, his apartment, and a Federal Express package addressed to him. Defendant contends the government did not have probable cause to arrest him and search his property.

**James C. Mahan**
**U.S. District Judge**

An evidentiary hearing was held before Magistrate Judge Leavitt on March 26, 2007, regarding defendant's motion. On April 23, 2007, Magistrate Judge Leavitt recommended that defendant's motion be denied.

1. The police had probable cause to arrest defendant.

Probable cause to make an arrest exists when, at the time of arrest, the arresting officer had within his knowledge reasonably trustworthy facts and circumstances sufficient to warrant a reasonably prudent person to believe the defendant had committed a crime. *See Beck v. Ohio*, 379 U.S. 89, 91 (1964).

During consecutive drug transactions, officers observed defendant's vehicle tail another vehicle into a parking lot where that vehicle's driver sold drugs to an undercover officer. Defendant's vehicle parked close by as if to observe the transactions. Immediately following the first transaction, defendant's vehicle rendezvoused with the other vehicle along side the road. Thereafter, officers followed defendant's vehicle to his apartment where a security guard identified him as the driver. Based on experience, the officers knew drug suppliers often conduct counter surveillance and rendevous with the dealer immediately after a drug transaction to retrieve the proceeds. In addition, defendant had previously been convicted of possession with intent to sell methamphetamine. This evidence supports a determination that the officers had probable cause to arrest defendant.

2. The police properly conducted an inventory search of defendant's vehicle.

A warrantless inventory search of a vehicle impounded by the police is constitutional when conducted pursuant to a standard police department policy. *South Dakota v. Opperman*, 428 U.S. 364, 372 (1976). "[I]nventory procedures serve to protect an owner's property while it is in the custody of the police . . . and to guard the police from danger." *Colorado v. Bertine*, 479 U.S. 367, 376 (1987).

**James C. Mahan**
**U.S. District Judge**

1  Following a drug transaction, the police arrested the defendant, took custody of his vehicle,
2  and conducted an inventory search of that vehicle. Defendant contends this search was improper
3  because it was not independently supported by probable cause. However, the search was conducted
4  pursuant to the Henderson Police Department's standard policy of conducting inventory searches of
5  vehicles towed by the department. (Henderson Police Department's Department Manual § 380).
6  This policy is appropriate because it serves to protect personal property within the vehicles and to
7  guard the police from danger. Therefore, the search was proper.

9  3. The police had probable cause to search defendant's apartment and package.

11  In the context of search warrants, determinations of probable cause must be upheld if, under
12  the "totality of the circumstances" surrounding a request, the issuing magistrate had a substantial
13  basis for finding probable cause. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). The issuing
14  magistrate judge's finding of a "substantial basis" is given great deference. *United States v. Angulo-*
15  *Lopez*, 791 F.2d 1394, 1396 (9th Cir. 1986) (applying a standard of review "less probing than de
16  novo" review).
17  Here, Magistrate Judge Leen issued a search warrant for defendant's apartment. Magistrate
18  Judge Leen had a substantial basis for finding probable cause to seek evidence of defendant's illegal
19  activities in his apartment. First, an affidavit submitted in support of the warrant detailed an
20  investigation of defendant which tied his illegal activities to the apartment. (*See* Opposition (#44),
21  Ex. A at pp. 9-11). Second, officers followed defendant to his apartment immediately following the
22  rendevous; and, based on experience, detectives knew drug suppliers often rendevous with the dealer
23  immediately after a drug transaction to retrieve the proceeds. Finally, defendant had previously been
24  convicted of possession with intent to sell methamphetamine, and when he was arrested he had
25  narcotics in his possession.
26  Justice of the Peace Steven George issued a search warrant for defendant's package. Justice
27  of the Peace George had a substantial basis for finding probable cause to seek evidence of

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  defendant's illegal activities in his package. Defendant's possession of narcotics at the time of his
2  arrest and the presence of narcotics, a large number of Federal Express boxes, and packaging
3  supplies in his apartment provided probable cause to believe the package contained contraband. (*See*
4  Opposition (#44) pp. 20-22).

5      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the magistrate's report and
6  recommendation (#67) is AFFIRMED in its entirety.

7      DATED this 9th day of July, 2007.

*[signature: James C. Mahan]*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -